IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| SYLVIA MEADE | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 5:12CV00315 SWW |
| CITY OF DERMOTT, ARKANSAS, | * | |
| ET AL. | * | |
| Defendants | * | |

## ORDER

Before the Court is a motion (ECF No. 35) by Separate Defendant Michael Wolfe ("Wolfe") seeking dismissal or alternative relief related to a discovery-related dispute. Plaintiff Sylvia Meade ("Meade") has filed a response (ECF No. 36), and Wolfe has filed a reply (ECF No. 37). After careful consideration, and for reasons that follow, Wolfe's motion is denied.

On August 16, 2012, Meade commenced this action pursuant to 42 U.S.C. § 1983, alleging that Wolfe harassed and assaulted her in the course of performing his official duties as a Dermott police officer. This action is a refiling of an earlier lawsuit that Meade commenced on November 17, 2010, *see Meade v. City of Dermott*, No. 5:10CV00331 SWW, which the Court dismissed pursuant to Meade's motion for voluntary dismissal.

The original scheduling order entered in this case set March 8, 2013 as the discovery deadline, and the Court scheduled a jury trial to begin August 5, 2013. By joint motion, the parties requested more time to complete discovery and file dispositive motions. The Court granted the joint motion and extended the discovery and motions deadlines to May 7, 2013 and June 7, 2013, respectively.

On April 22, 2013, Wolfe filed filed a *pro se* motion requesting an extension of time in

which to complete discovery and "make motions." Wolfe explained that he was in the process of hiring counsel, and he stated: "I should have an attorney within the next week or so." ECF No. 18.

The Court granted Wolfe's motion and gave him until May 15, 2013 in which to retain counsel and have his attorney enter an appearance in this case. The Court also reminded Wolfe that he was his duty as a *pro se* party to monitor the progress of the case and defend the action diligently. *See* ECF No. 20, at 2(quoting Local Rule 5.5(c)(2)).

On May 22, 2013, counsel had not entered an appearance on Wolfe's behalf, and the Court entered an amended scheduling order, which states in part as follows:

> **All discovery, including evidentiary depositions**, shall be completed *no later than September 13, 2013*. Parties may conduct discovery beyond [the discovery deadline] if all parties are in agreement to do so; *however, the Court will not be available to resolve any disputes which arise during the course of this extended discovery*.

ECF No. 21, ¶ 1.

On June 10, 2013, Meade filed a motion to compel Wolfe to appear for deposition and respond to written discovery requests, which were overdue when Wolfe filed the aforementioned *pro se* motion. The Court granted Meade's motion to compel.

On August 6, 2013, counsel entered an appearance on Wolfe's behalf, and on October 2, 2013, Wolfe moved to compel responses to discovery requests (ECF No. 28). Wolfe's motion to compel came after the discovery deadline had expired, and the record shows that he had agreed to extend Meade's response deadline beyond September 13, 2013. *See* ECF No. 35-2, 35-3. Meade responded that she would provide responses to Wolfe's discovery requests no later than "Thursday [*sic*], October 16, 2013." ECF No. 30, at 3. In light of Meade's

response, the court denied the motion to compel as moot.

On Thursday, October 17, 2013, Wolfe filed the present "motion to dismiss for violation of discovery." Wolfe states that Meade failed to provide discovery responses by October 16, 2013, as she had promised. Meade responds that she inadvertently erred in reporting that she would provide responses by "Thursday [*sic*], October 16, 2013," instead of Thursday, October 17, 2013. Meade further states that she provided the discovery responses on Thursday, October 17, 2013.

In his reply, Wolfe states that he received Meade's discovery responses on October 22, 2013, via FedEx delivery dated October 17, 2013. Wolfe asserts that Meade's discovery responses, which he does not provide, are "incomplete and lacking crucial evidence" and that "missing evidence includes . . . transcripts of text messages and audio recording[s] that are in the sole possession of the Plaintiff." ECF No. 37, at 2. Wolfe renews his request for immediate dismissal with prejudice. As alternative relief, Wolfe asks the Court to (1) compel Plaintiff to provide full and complete responses to discovery requests and (2) grant him sufficient time to review discovery and make any appropriate or necessary motions.

Rule 16(b)(3) of the Federal Rules of Civil Procedure contemplates the entry of a scheduling order that limits the time to complete discovery. The amended, final scheduling order entered in this case provides that all discovery shall be completed no later than September 13, 2013, and it warns that the Court will not be available to resolve any disputes which arise in the course of extended discovery. With his motion, Wolfe seeks relief that would render nugatory the Court's scheduling order. *See* Fed. R. Civ. P. 16(b)(4)(providing that scheduling deadlines may be modified only for good cause and with the judge's consent); *see also Marvin*

*Lumber and Cedar Co. v. PPG Industries, Inc.* 177 F.R.D. 443, 445 (D. Minn.1997)("[T]o allow a party to continue with formal discovery-that is, discovery which invokes the authority of the Court-whether in the guise of Rule 45, or any of the other discovery methods . . . after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial[.]").  Defendant Wolfe has had ample time to conduct discovery, and the Court finds no basis for granting the relief requested.

IT IS THEREFORE ORDERED that Defendant Michael Wolfe's motion to dismiss (ECF No. 35) is DENIED.

IT IS SO ORDERED THIS 1ST DAY OF NOVEMBER, 2013.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE