# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

SYLVIA MEADE                                *
                                            *
            Plaintiff                       *
                                            *
V.                                          *
                                            *          NO: 5:12CV00315 SWW
CITY OF DERMOTT, ARKANSAS,                  *
ET AL.                                      *
            Defendants                      *
                                            *

## <u>ORDER</u>

Sylvia Meade brings this action pursuant to 42 U.S.C. § 1983, claiming that the City of

Dermott and former Dermott police officer Michael Wolfe violated her constitutional rights.

Meade also brings supplemental claims under state law, including a negligence claim against the

City.   Before the Court is the City's renewed motion for summary judgment as to Meade's

negligence claim (ECF Nos. 59, 60, 61), Meade's response in opposition (ECF Nos. 65, 66, 67),

and the City's reply (ECF No. 68 ).   After careful consideration, and for reasons that follow, the

City's motion is granted, and Meade's negligence claim is dismissed with prejudice.

## I.

Summary judgment is appropriate when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).   As a prerequisite to summary judgment, a moving party must demonstrate "an

absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S.

317, 325 (1986)**.**  Once the moving party has properly supported its motion for summary

judgment, the non-moving party must "do more than simply show there is some metaphysical

doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II.

Under Arkansas law, the City is entitled to immunity from Meade's negligence claim, except to the extent that the City is covered by liability insurance. *See* Ark. Code § 21-9-301; *see also City of Caddo Valley v. George*, 340 Ark. 203, 209, 9 S.W.3d 481, 484 (2000)("[A] municipal corporation's immunity for negligent acts only begins where its insurance coverage leaves off."). Because this immunity is an affirmative defense, the City bears the burden to prove that it is entitled to that immunity due to a lack of insurance. *Vent v. Johnson,* 2009 Ark. 92, 14, 303 S.W.3d 46, 53 (2009).

By order entered February 14, 2014, the Court granted in part and denied in part the City's motion for summary judgment. The Court denied the motion as to Meade's negligence claim because it was not possible to determine on the existing record whether the City carried liability insurance. The City has now renewed its motion and has submitted two affidavits by Defendant Gray, the Mayor of Dermott, who testifies: "The City does not hold any type of liability insurance." ECF No. 68, Ex. #2. Gray further testifies that he has served as the Mayor

2

of Dermott for fourteen years.  *Id.*

Meade contends that Gray's affidavit is nothing more than a "self-serving and untestable declaration" that fails to demonstrate beyond a genuine dispute that the City lacks liability insurance.  According to Meade, Gray's affidavit leaves open "a number of contingencies," and she theorizes that the City's contract with the Arkansas Municipal League serves as a form of liability insurance.

The City supports its motion with an affidavit made on the personal knowledge of  Mayor Gray on the question of whether the City carries liability insurance.   Given Gray's testimony that the City "does not hold any type of liability insurance," Meade must come forward with evidence creating a genuine issue for trial.   Contrary to Meade's assertions, Gray's testimony, on its face,  leaves no question as to whether the City carries liability insurance of any kind. Furthermore, the Arkansas Municipal League provides funds to member cities for the defense of certain types of lawsuits, but it does not provide liability insurance to member cities.  *See City of Marianna v. Arkansas Municipal League*, 291 Ark. 74, 722 S.W.2d 578 (1987)(holding that the Arkansas Municipal League Defense Program is not an insurance contract).

Finally, Meade proposes that the Court reopen discovery on the issue liability insurance. The City  asserted the immunity defense in its answer, filed November 5, 2012.  Meade does not and cannot claim that she has not received an adequate opportunity to obtain discovery, and she fails to make the showing required for a deferral of a ruling on summary judgment. *See* Fed. R. Civ. P. 56(d).

In sum, the Court finds no genuine issues for trial on the question of whether the City carries liability insurance and finds no cause for deferring a ruling on the City's motion.

Accordingly, the City's renewed motion for summary judgment (ECF No. 59) is GRANTED and all claims against the City are dismissed with prejudice.  Meade's claim against Defendant Wolfe remain for trial.

IT IS SO ORDERED THIS 1ST DAY OF APRIL, 2014.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE